United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30515
Summary Calendar

LAVELL JOHNSON,

Plaintiff-Appellant,

versus

FRED'S STORES OF TENNESSEE, INC.,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
(6:01-CV-1457)
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Lavell Johnson, a black male proceeding
pro se, appeals from the district court's April 22, 2004 order
denying his motion under Federal Rule of Civil Procedure 59(e) for
reconsideration of that court's summary judgment entered March 15,
2004 which dismissed Johnson's action with prejudice. The district
court's March 2004 summary judgment and April 2004 order denying
reconsideration concluded the district court proceedings on this
matter, which had commenced in August 2001 when Johnson filed suit

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in district court against his former employer, Defendant-Appellee Fred's Stores of Tennessee, Inc. ("Fred's"). In that suit Johnson claimed that he had suffered adverse employment actions, i.e., disparate compensation, termination of employment, and denial of constitutional due process, all alleged to have resulted from his employer's racial discrimination.

We have carefully reviewed the extensive record on appeal, including the district court's dispositive rulings and judgments, as well as the appellate briefs of the parties. As a result, we are satisfied that the district court's grant of summary judgment dismissing Johnson's action with prejudice and its order denying rehearing are correct, largely for the reasons given by the court in its Memorandum Ruling of March 14, 2004 and its Order of April 22, 2004.

Even accepting, as did the district court and Fred's, that Johnson made out a prima facie case of racial discrimination in Fred's termination of his employment, Johnson's extensive filings and the summary judgment evidence that he submitted both before and after the district court denied Fred's original motion for summary judgment, viewed in the light most favorable to Johnson, fails to demonstrate that Fred's legitimate, non-discriminatory reasons for firing Johnson are pretext. As this is painstakingly set forth and fully analyzed in the district court's Memorandum Ruling, we need not rehash it in detail. It suffices that Johnson's subjective beliefs and unsupported conclusional assertions fail to satisfy his

burden of demonstrating pretext or even establishing the existence of a genuine dispute of material facts regarding pretext.

As for Johnson's claim that he was paid substantially less than similarly situated white store managers, we conclude that he failed even to make a prima facie case of actionably disparate compensation, whether race based or objectively analyzed. The undisputed summary judgment evidence establishes no significant disparity between Johnson's compensation and that of white managers situated essentially identically to him; and Johnson has again failed to demonstrate the existence of any genuine disputes of material fact regarding this claim. On the contrary, his evidence demonstrates that Fred's takes into account numerous factors when determining compensation for managers of differently located and differently situated stores, and that greater compensation paid to other managers —— both black and white —— is legitimately explained by Fred's on a non-racial basis, free of any probative evidence of racial discrimination or animus.

Finally, Johnson's effort to advance a constitutional claim of a due process violation under § 1983 widely misses the mark. An employee in the private sector cannot make out a due process violation against an employer in the private sector in the absence of evidence that the employer's acts are somehow attributable to government. Johnson has not —— because he cannot —— present any evidence of nexus between the acts of his former employer and any governmental unit or agency —— federal, state, or local.

In conclusion, we affirm the district court's summary judgment dismissing Johnson's action with prejudice for essentially the same reasons set forth in that court's Memorandum Ruling, and we affirm its order denying Johnson's motion for reconsideration, also for the reasons set forth in its Order.

AFFIRMED.